Hallinger v. Zimmerman.

HIRAM G. HALLINGER

*v.*

WALTER ZIMMERMAN.

[Filed March 14th, 1899.]

1. Where neither party had any legal or equitable right to rely upon the other's statements of value, they are taken to be mere expressions of opinion, which either party accepts at his own risk, and will not excuse specific performance of a contract, although they may not be exactly true.

2. A statement by complainant while negotiating an exchange of property, that his house was located on the best resident street of a city, is no ground for refusal to perform the contract of exchange, where the evidence shows that the house is on the best residence street, though not on the best portion of such street.

On bill, answer and proofs.

This bill is filed for the specific performance of an agreement to convey lands. The complainant was in 1897 the owner of a house and lot in Burlington, New Jersey, which was clear of mortgage, and the defendant owned the equity of redemption of a house and lot in Camden, New Jersey. Each of the parties was a professional real estate dealer acquainted with the methods in which adepts in that business induce purchases, each was also fully aware that the other was a man of experience in that line, and neither was likely to be misled by too implicit a reli-

ance upon the other's statements in praise of the property he offered in trade.

The complainant was casually passing the defendant's office, when one of them hailed the other and asked him what property he had to offer in the way of trade. The complainant told the defendant that he had the Burlington property which was clear of mortgage, and the defendant proposed to exchange for it his equity in the Camden property, as the latter was subject to $4,000 mortgage. This was declined by the complainant and thereupon the defendant offered him an additional cash payment. There were the usual preliminary propositions and counter-propositions attending upon such negotiations, regarding which the parties are in almost every detail in contradiction of each other. They finally came to an agreement which was type-written and is in the following words and figures:

"Agreement made this first day of September, A. D. 1897, between Hiram G. Hallinger, first party, and Walter Zimmerman, second party, both of the City of Camden, New Jersey.

"Witnesseth, That in consideration of the sum of fifty dollars paid to the first party the receipt of which is hereby acknowledged, the said parties hereto agree to an exchange of real estate, now respectfully owned by them as follows:

"First party will give house and lot, known as number 166 West Union street, Burlington, New Jersey, consisting of a two and one half story house, with lot 16 by 100 feet, vacant or subject to tenant at eight dollars per month, and clear of all encumbrances up to date of settlement.

" Second party to give corner store and dwelling at the southwest corner of Sixth, Main and Pearl streets, Camden, with three story brick building, and together with all of the contents of said property, consisting of counters, shelving, ice boxes, scales, canned goods and other groceries; the said property being subject to a mortgage of four thousand dollars at five per cent., held by the Swathmore College, Philadelphia, and clear of all other encumbrances up to date of settlement. The second party to pay the first party the sum of five hundred dollars cash in addition to the fifty paid on account at the time of settlement, subject to all adjustments as above. Settlement to be made as soon as papers are ready or within ten days, unless objection to either of titles.

" In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

" Witness,

"H. B. WILLETS.

"HIRAM G. HALLINGER,
"WALTER ZIMMERMAN."

The defendant afterward refused to perform the contract, though admitting a tender, by the complainant offering to carry out his part of it. Shortly afterward the complainant filed his bill in this case to enforce the specific performance of the contract.

*Mr. George H. Pierce*, for the complainant.

*Mr. George A. Vroom*, for the defendant.

GREY, V. C.

The making of the agreement for the exchange, the tender of performance by the complainant and the refusal of performance by the defendant, are substantially undisputed.

The question in the case turns upon the defence set up by the defendant as his excuse for non-performance, or, as he claims, his rescission of the contract.

As the parties themselves are in many respects in contradiction of each other, the documentary proofs and the testimony of others may more safely be accepted as to the facts touching the disputed matters.

In his original answer the defendant averred that he entered into the agreement relying upon the complainant's statement that his Burlington property rented for $8 per month; that he had found this statement to be false, that it was out of repair and could not be rented for that sum. Accordingly he wrote to the complainant stating, " I based my valuation of the Burlington property exclusively upon the statement which you made me as to the rental paid by the tenant, which statement is incorporated in the agreement," and in the same letter the defendant declared the contract to be void, and demanded the return of his title ·papers for the Camden property and his down payment of $50.

The complainant replied to this, declaring that he upheld the contract, and that he was ready to comply with its terms, namely, to turn the Burlington property over to the defendant " either rented at $8 per month or vacant," and notifying him that the property was vacant.

The defendant afterwards by leave filed an amended answer, in which he reframed his answer as to the complainant's representation touching the rent, averring that the complainant had, while they were negotiating, informed him that "the tenant then in possession of the property in Burlington was paying the sum of $8 per month rent," but that the tenant was practically a caretaker, and in consideration of the favorable rental the tenant made all the repairs, &c. In his amended answer the defendant alleged as additional reasons for avoiding the contract that the complainant had misrepresented the value of the Burlington property, and that he had stated the property to be located on the best residence street in Burlington, and these statements as to the value of the property, its rental value and its location on the best residence street, were to complainant's knowledge false, &c.

The statements as to value made by one trader to another in the course of their negotiations for an exchange have always been considered to be mere expressions of opinion which either party accepts as true at his own risk. *Wise* v. *Fuller*, 2 *Stew. Eq.* 262. In the case before me the parties dealt with each other at arm's length. Each knew the capacity of the other to paint with an attractive hue the merits of the property he offered in trade. Neither had any legal or equitable right to rely on the other's statements of value as matter of fact, nor considering all the proofs, am I led to believe that either did in truth base his action upon such statements of the other.

The next ground set up as a false inducement to the making of the contract is that the complainant falsely represented that the property was in fact, at the time of the negotiations, rented at $8 per month.

The misrepresentation alleged, if made, related to an existing condition of fact which might well be within the knowledge of the complainant and is one upon which the defendant had a right to rely. The burden of proof must be carried by the defendant to show that the false statement was made by the complainant to mislead him into the purchase, and that accepting it to be true he was thus cheated into the making of the bargain.

The defendant testifies that the complainant told him "positively that the rent was $8 per month and that the tenant made repairs," &c.

The complainant denies this, and swears that the negotiations for the exchange were concluded and the bargain made before anything was said touching the rent of the property; that the defendant was in the act of dictating the agreement to his typewriter, and he came to the place concerning the renting of the Burlington property, and then he said to complainant, "Rented at—what it rented for." That defendant replied, "To the best of my knowledge, $8, but I have an idea it is empty." The defendant then said, "Well, say it is rented at $8." "No," said complainant, "I won't sign any such agreement." The contract was then drawn as above recited.

The complainant further explains that he had seen the Burlington property but once, and then he only went upon the first floor; that he had rented it through agents; that the last rental he knew of, preceding the negotiations, was $8 per month, and he had heard of no change; that he did not know whether the property was in fact then rented or not, and so insisted that the agreement be drawn as it now appears, stating it to be "vacant or subject to tenant rent at $8 per month."

It is difficult to understand why the defendant should have accepted an agreement for a conveyance of the property "vacant or subject," &c., if he had just been positively told that it was then rented at $8 per month, and relied on that fact as a substantial inducement to the bargain. The defendant's typewriter, who wrote the agreement, testifies that while she was writing it the defendant, who was dictating, broke off and asked the complainant the rent of the Burlington property. She says she cannot remember the exact reply, but that the complainant said "it rented for $8, but he hadn't heard recently from the agent." It will be noted that this testimony, and the agreement itself, corroborate the complainant's narration of the matter, and indicate that the complainant, in referring to the renting, disclaimed knowledge of the present condition of renting and was speaking of the past. When he spoke he had not heard from his agent

so recently that he could tell whether the property was rented or not. The weight of the whole testimony on the point supports the view that the defendant did not base his assent to the bargain upon the fact that the property then rented for $8 per month, as is alleged in his answer, but that this was a mere incident which arose after the negotiations were concluded, and while the agreement was being reduced to writing, that it was then disclosed that the complainant did not, in fact, know whether the property was then rented at all; that it had at some previous time been rented at $8, and the complainant knew of no change, and that the defendant accepted the property, as the agreement on its face shows, whether it was vacant or rented at $8 per month. The proofs show that some two years before the negotiations the property had been rented at $8 per month.

The other alleged misrepresentation was that the complainant falsely stated that the property was located on the best residence street in Burlington. The complainant admits that he told the defendant that the property was on Union street, which was said to be one of the best residence streets in Burlington. That the property is on Union street, and that Union street is one of the best residence streets in the town is not substantially denied. But it also appears that this house and lot are at the westerly end of that street, where for two squares the properties are not so good as at other places on the street, and that while there are several quite desirable houses opposite the property in question, the property itself is one of a row which does not appear to be of an attractive character.

What constitutes a best residence street is to some extent a matter of taste and opinion upon which men vary. The evidence, however, is undisputed that the property is in fact on one of the best residence streets in the town. No representation is alleged to have been made as to the character of the particular portion of that street where the property is located. Nor does either the allegation in the answer or the testimony offered, show with any sufficient certainty anything relating to the house and lot in question which would justify a rescission or refusal to perform the contract.

The defendant has not sustained his allegations as to the misrepresentations of the complainant in inducing the making of the contract in question, nor has he shown any sufficient reason why he should not be decreed to perform his agreement according to its terms. He should be decreed to perform his contract.